**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**LUIS ROSALES,**

                       **Plaintiff,**

                       **9:11-CV-0106**
     v.                           **(MAD/DRH)**

**THOMAS LAVALLEY, Superintendent, Clinton
Correctional Facility; BRIAN FISCHER,
Commissioner, Department of Correctional Services;
KENNETH S. PERLMAN, Deputy Commissioner
for Program Services, Department of Correctional
Services,**

                       **Defendants.**

---

**APPEARANCES:**                       **OF COUNSEL**:

**LUIS ROSALES**
91-A-3067
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**         **MICHAEL G. McCARTIN, AAG**
New York State Attorney General
The Capitol
Albany, New York 12224
Attorney for defendants

**MAE A. D'AGOSTINO, United States District Judge:**

### DECISION and ORDER

**I.    Background**

      Plaintiff Luis Rosales commenced this action *pro se* and *in forma pauperis*, claiming that

defendants have denied him reasonable accommodations for his hearing disability in violation of his

rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*., and the Eighth Amendment to the United States Constitution. *See* Dkt. No. 1. Currently before the Court is plaintiff's motion for a preliminary injunction.[1] *See* Dkt. No. 4. Defendants oppose the motion for a preliminary injunction. *See* Dkt. No. 16. Plaintiff has also filed two motions to amend his complaint. *See* Dkt. Nos. 11, 22. Defendants oppose the second motion to amend. *See* Dkt. No. 24. Finally, defendants have filed a motion to dismiss the original complaint. *See* Dkt. No. 19. Plaintiff opposes the motion to dismiss. *See* Dkt. No. 25.

## II.     Motion for a Preliminary Injunction

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (1) irreparable harm and (2) either a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *See D.D. ex rel. V.D. v. N. Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

---

[1] Plaintiff filed this request for a preliminary injunction, which also included a request for a temporary restraining order, when he filed his complaint. Since no defendants had yet been served, the Court denied plaintiff's request for a temporary restraining order and directed defendants to respond to plaintiff's motion for injunctive relief, insofar as he seeks the issuance of a preliminary injunction (Dkt. No. 4) within thirty days of the date of service of the summons and complaint on defendants. *See* Dkt. No. 7 at 8.

> [W]here an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act – the moving party must meet a higher standard than in the ordinary case by showing "clearly" that he or she is entitled to relief or that "extreme or very serious damage" will result from a denial of the injunction. . . .

*Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (internal citations and quotation omitted); *see also Jolly v. Coughlin*, 76 F.3d 468, 473-74 (2d Cir. 1996) (holding that a party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm) (quotation omitted). The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47, 114 S. Ct. 1970, 1983-84, 128 L. Ed. 2d 811 (1994)) (other citations omitted).

Plaintiff seeks an order asking that the Court direct defendants "to provide Plaintiff with reasonable accommodations and a transfer to a facility that can accommodate the serious hearing disability that Plaintiff suffers from." *See* Dkt. No. 4 at 2. Among the reasonable accommodations that plaintiff requests, apart from transfer to a facility designated to accommodate the hearing impaired, is a "shake awake alarm." *See id*. at 7. In support of his motion, plaintiff asserts that he "suffers from a serious hearing impairment and he cannot hear nothing at all on his left ear [and] also has a 20% hearing loss on his right ear." *See id*. at 4; *see also id*. at Appendix A. Plaintiff also alleges that his left ear is seriously deformed so he cannot wear a hearing aid on that ear. *See id*.; *see also id*. at Appendices B, C. Plaintiff claims that defendants' refusal to accommodate his hearing disability has caused a "major hardship on his daily activities." *See id*. at 7, 9-11. Among other things, plaintiff

claims that, because he cannot hear correctional staff announcements, he has missed meals, facility head count, recreation, showers, and medication rounds. *See id*. at 10-11.

Defendants oppose plaintiff's motion. *See* Dkt. No. 16. In doing so, defendants rely primarily on plaintiff's own submissions, specifically referring the Court to plaintiff's medical records, which plaintiff attached to the pending motion for injunctive relief. *See id*. at 1; *see also* Dkt. No. 4. In particular, defendants point to the report of an Audiological Evaluation ("Audiology Report") issued by Audiologist Mindy Schmelzer after plaintiff was tested for possible hearing loss in both ears. *See* Dkt. No. 16 at 1-2 (citing Dkt. No. 4 at 15-18). After performing various tests to evaluate the extent of plaintiff's hearing loss, Audiologist Schmelzer concluded that

> [t]he test results suggest borderline normal hearing in the right ear and a profound hearing loss in the left ear. The test results suggest that [plaintiff's] hearing is essentially adequate for the reception of speech and most environmental sounds. [Plaintiff] should be able to understand normal conversational speech in a quiet environment, especially if the speaker is closer to his right ear. However, the presence of the left sided profound hearing loss will cause difficulty hearing in the presence of background noise or from a distance.

*See* Dkt. No. 4 at 18. Defendants contend that, based upon the Audiology Report, Department of Corrections and Community Supervision ("DOCCS") officials have determined that plaintiff's hearing impairment does not entitle him to a transfer to any particular facility, or to a "Shake Awake Alarm." *See* Dkt. No. 16 at 1-2 (citing Dkt. No. 4 at 32, 36).

Plaintiff's motion, when liberally construed, alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment.[2] Since an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court will presume for purposes of this motion that

---

[2] Plaintiff also alleges violations of his rights under the ADA.

plaintiff satisfies the requirement that a party applying for a preliminary injunction show irreparable harm. *See Jolly*, 76 F.3d at 482; *see also Statharos v. N. Y. City Taxi & Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) (holding that, "[b]ecause plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary").

In this case, since plaintiff seeks to change the status quo by requiring his transfer and certain accommodations for his alleged medical disability, his motion may be properly characterized as one seeking mandatory injunctive relief. As such, plaintiff must meet a higher standard of proof; he must demonstrate a "clear" or "substantial" likelihood of success on the merits of his claims. *See Jolly*, 76 F.3d at 473.

The Audiologist Report indicates that, while plaintiff has "profound" hearing loss in his left ear, he has "borderline normal hearing in the right ear." *See* Dkt. No. 4 at 18. In arguing for placement in a facility capable of accommodating a hearing impaired inmate, plaintiff asserts that the DOCCS Directive by which he has been classified as suffering from a "Non-Significant Hearing Loss (HL30)" is unconstitutional. *See* Dkt. No. 4 at 6-7. DOCCS Directive 2612,[3] Inmates With Sensorial Disabilities, defines what inmates qualify as either deaf, hard of hearing, or suffering from non-significant hearing loss. *See* Directive 2612, Section II, ¶¶ F-H.

Here, the documents attached to plaintiff's motion for injunctive relief do not ***clearly*** or ***substantially*** demonstrate that plaintiff is likely to prevail on the merits of his claims. The Audiology Report submitted by plaintiff indicates that he has "borderline normal hearing" in the right ear. *See* Dkt. No. 4 at 18. The Audiology Report also states that "[t]he presence of excellent speech understanding at a level just above admitted hearing levels, suggest that hearing may be slightly better

---

[3] Plaintiff incorrectly referred to the relevant DOCCS Directive as 2616. *See* Dkt. No. 4 at 6.

than indicated by pure tone thresholds" and plaintiff shows "no worse than a mild hearing loss" in his right ear. *See id*. at 17-18. Additionally, plaintiff provides no evidence to demonstrate that he meets the definitions set forth in DOCCS Directive 2612 to qualify him as either "deaf" or "hard of hearing." Indeed, upon review of his request for accommodation for his hearing loss in the form of a "shake awake alarm," it was determined that, based upon the Audiology Report, plaintiff suffered from a "Non-Significant Hearing Loss" and therefore a "shake awake alarm" was not necessary. *See* Dkt. No. 4 at 36. Additionally, DOCCS Directive 2612 states that "[i]nmates with non-significant hearing loss only need hearing aid(s) and preferred seating as a reasonable accommodation and **do not need a designated facility**." *See* DOCCS Directive 2612, Section II, ¶ H (emphasis added).

The Court will not credit plaintiff's conclusory allegations that he has the type of hearing loss entitling him to be placed in a facility designated as one capable of addressing the needs of inmates classified as deaf or hard of hearing. Plaintiff's conclusory allegations do not meet the standard required for issuance of injunctive relief. *See Ivy Mar Co., Inc. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) (holding that "bare allegations, without more, are insufficient for the issuance of a preliminary injunction" (citation and footnote omitted)). Moreover, absent a clear or substantial showing by plaintiff that DOCCS staff have incorrectly classified him as an inmate with a non-significant hearing loss, the Court will not second guess this medical assessment made by DOCCS staff.[4] *See Fisher*, 981 F. Supp. at 167 (holding that when addressing an inmate's request for injunctive relief, the court should be cautious not to immerse itself in the management of state prisons.). Having been classified by DOCCS as an inmate with non-significant hearing loss, plaintiff has not

---

[4] Plaintiff argues that DOCCS Directive 2612 is unconstitutional. While not addressing the merits of this claim or whether the claim is properly before this Court, the Court finds that plaintiff has failed to make a clear or substantial showing to support this claim.

demonstrated that he is entitled to a transfer to a facility for the hearing impaired or to a "shake awake alarm."

Based on the foregoing, the Court denies plaintiff's motion (Dkt. No. 4) for injunctive relief.

### III.     Motions to amend

A motion to amend a pleading is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  The Supreme Court has stated that,

> [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should ... be "freely given."

*Foman*, 371 U.S. at 182.

Plaintiff has filed two separate and distinct motions to amend his complaint.  *See* Dkt. Nos. 11, 22.  In his affirmation in support of the second motion to amend, plaintiff states that he requests "leave to file the attached proposed Amended Complaint to supersede and replace in toto the original complaint(s)."  *See* Dkt. No. 22-1 at 1.  Since it appears that plaintiff intends the second motion to amend (Dkt. No. 22) to supercede and replace the first motion to amend (Dkt. No. 11), and asks the Court to adopt the proposed amended complaint that is attached to the second motion to amend as the operative pleading, the Court **denies as moot** the first motion to amend (Dkt. No. 11).

In his second motion to amend (Dkt. No. 22), plaintiff asks permission to amend his pleading to

add two new defendants to his action: (1) Department of Corrections and Community Supervision[5] and (2) John Serhan, Consulting Audiologist for the Department of Corrections and Community Supervision. *See* Dkt. No. 22-1 at 1-2; *see also* Dkt. No. 22-2 at 4. Plaintiff states that he wishes "to correct also omission from the original complaint(s), in particular claims related to defendant New York State Department of Correctional Services under the Americans with Disability Act." *See* Dkt. No. 22-1 at 2. Plaintiff argues that defendants will not be prejudiced if the motion is granted since defendants have only recently, on June 29, 2011, filed a motion to dismiss the original complaint. *See* Dkt. No. 22-1 at 2.

Defendants oppose plaintiff's motion claiming that plaintiff has not complied with Local Rule 7.1(a)(4) when drafting his motion. Local Rule 7.1(a)(4) states in relevant part that "[t]he motion must set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading ***or other equivalent means***." N.D.N.Y.L.R. 7.4(a)(4) (emphasis added). With respect to defendants' opposition, the Court finds that plaintiff has sufficiently complied with Local Rule 7.1(a)(4) in that he identified his amendments in the affirmation submitted with his motion. The affirmation outlining the proposed amendments would certainly qualify as "other equivalent means." While the amendment identification was sparse, given plaintiff's *pro se* status and the brevity of the various pleadings under review, defendants' opposition is without merit.

Based on the foregoing, the Court hereby **grants** plaintiff's second motion (Dkt. No. 22) to

---

[5] In his proposed amended complaint, plaintiff names DOCS as a new defendant. *See* Dkt. No. 22-2 at 4. The New York State Department of Correctional Services ("DOCS") has merged with the New York State Division of Parole ("DOP") to form a new agency referred to as the Department of Corrections and Community Supervision ("DOCCS"). *See* http://www.docs.state.ny.us/ therefore the Court has substituted the proper agency as the defendant in place of DOCS.

amend his complaint.[6]

## IV. Motion to Dismiss

Defendants have filed a motion to dismiss the original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Dkt. No. 19. Defendants' motion was filed on June 29, 2011. *See id*. Thereafter, on July 8, 2011, plaintiff filed a second motion to amend the original complaint. *See* Dkt. No. 22. On July 18, plaintiff responded in opposition to the motion to dismiss. *See* Dkt. No. 24. By this Decision and Order, the Court has granted plaintiff permission to file and serve an amended complaint.

"Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Brown v. Napoli*, No. 07-CV-838, 2008 WL 4507590, at *2 (W.D.N.Y. Sep. 29, 2008). Since defendants' original motion to dismiss is addressed solely to plaintiff's **original** complaint, and because the Court has granted plaintiff permission to file an amended complaint, defendants' motion to dismiss (Dkt. No. 19) is **denied as moot**.[7]

Accordingly, the Court hereby

**ORDERS** that plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED**; and the Court further

**ORDERS** that plaintiff's first motion to amend (Dkt. No. 11) is **DENIED as moot**; and the

---

[6] Despite granting the second motion to amend, and allowing plaintiff to file and serve the proposed amended complaint, the Court takes no position on the merits of the amended complaint.

[7] Plaintiff will be required to file a signed copy of the amended complaint which has been approved by the Court before it becomes the operative pleading and is served. In the event that plaintiff fails to sign and file a copy of the amended complaint, defendants may renew their motion to dismiss which was addressed to the original complaint.

Court further

**ORDERS** that plaintiff's second motion to amend (Dkt. No. 22) is **GRANTED**. Plaintiff shall submit a **signed**, identical copy of the proposed amended complaint (Dkt. No. 22-2), which was attached to plaintiff's second motion to amend, for filing with the Court, if at all, **within thirty (30) days** of the date of this Decision and Order.[8]  The amended complaint, when properly signed and filed, shall supersede and replace *in toto* the original complaint filed herein. The Clerk shall send plaintiff a copy of the aforesaid amended complaint for his use in signing it and sending it back to the Clerk of the Court for filing; and the Court further

**ORDERS** that, upon the filing of the signed amended complaint, the Clerk is directed to add (1) Department of Corrections and Community Supervision and (2) John Serhan, Consulting Audiologist for the Department of Corrections and Community Supervision as defendants; and the Court further

**ORDERS** that, upon the filing of the signed amended complaint, the Clerk issue amended summonses naming the newly identified defendants herein and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the newly identified defendants in accordance with the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that a formal response to plaintiff's amended complaint be filed by any newly served defendants or their counsel as provided for in the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that **within thirty days** of the filing of the signed amended complaint, the defendants who have already been served in this action shall file a response to the amended complaint; and the

---

[8] The proposed amended complaint submitted by plaintiff along with the second motion to amend shall **not** be filed by the Clerk until plaintiff has submitted a signed copy of the identical amended complaint approved by the Court.

Court further

**ORDERS** that defendants' motion to dismiss (Dkt. No. 19) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 2, 2011
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge