**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LUIS ROSALES,**

                             **Plaintiff,**

  vs.                                                         **9:11-cv-106
                                                                (MAD/CFH)**

**THOMAS LaVALLEY, Superintendent, Clinton
Correctional Facility; BRIAN FISCHER,
Commissioner, DOCS; KENNETH S. PERLMAN,
Deputy Commissioner for Program Services,
DOCS; DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION; JOHN SERHAN,
Consulting Audiologist for the Department of
Corrections and Community Supervision,**

                             **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**WHITEMAN OSTERMAN & HANNA, LLP**      **JAVID AFZALI, ESQ.**
One Commerce Plaza                          **NICHOLAS FASO, ESQ.**
Albany, New York 12260
Attorneys for Plaintiff

**HON. ERIC T. SCHNEIDERMAN**             **MICHAEL G. McCARTIN, A.A.G.**
Attorney General for the State of New York
The Capitol
Albany, New York 12224-0341
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Luis Rosales is an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments. Dkt. No. 28. Additionally, Plaintiff asserts claims pursuant

to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. *Id.*

Currently pending before the Court are the parties' motions *in limine*.

## II. BACKGROUND

The specific facts of the case are set forth in the Report-Recommendation and Order dated November 2, 2012, familiarity with which is assumed. *See* Dkt. No. 54. The facts discussed herein will be those relevant to the claims remaining and the pending motions *in limine*.

In his motion *in limine*, Plaintiff asks the Court to preclude Defendants from introducing evidence of his prior criminal convictions at trial. *See* Dkt. No. 128 at 6-8. Alternatively, Plaintiff asserts that Defendants should be precluded from introducing any evidence of the names and details of Plaintiff's offenses. *See id.* at 8-10. Next, Plaintiff asserts that he should not be required to wear shackles or restraints at trial and that he should be permitted to wear civilian clothing. *See id.* at 10. Finally, Plaintiff claims that Defendants should not be permitted to present expert testimony because Defendants failed to disclose their experts in compliance with Rule 26 of the Federal Rules of Civil Procedure. *See id.* at 10-11.

In their motion, Defendants argue that policy publications from (1) the National Institute of Health, (2) the U.S. Department of Health and Human Services Centers for Disease Control and Prevention, and (3) the U.S. Department of Transportation, must be admitted into evidence pursuant to Rules 803(8), 901(7) and 902(5) of the Federal Rules of Evidence. *See* Dkt. No. 118 at 24-26. Additionally, Defendants assert that they should be permitted to inquire into the "essential facts" of Plaintiff's felony conviction on cross-examination. *See id.* at 26-27.

**III. DISCUSSION**

**A.     Standard of Review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**B.     Evidence of Plaintiff's criminal convictions**

The court will reserve decision on this portion of the motion and hear oral argument at 9:15am Monday, July 14, 2014.

**C.     Restraints and Civilian Clothes**

Plaintiff argues that he should not be required to wear shackles or restraints at trial, since he is not a threat or escape risk. *See* Dkt. No. 128 at 10. He argues that such restraints would unfairly prejudice him. Further, Plaintiff requests that he be permitted to wear civilian clothing during trial. *See id.* Defendants do not oppose Plaintiff's request to wear civilian clothing, but

request that the Court reserve ruling on Plaintiff's request to be unrestrained so that the Court can speak with the corrections officers regarding Plaintiff.

Plaintiff request to wear civilian clothes is granted. The Court will reserve judgment regarding whether Plaintiff will be restrained during trial. Plaintiff may renew his application before the start of trial.

**D.     Defendants' medical testimony**

Plaintiff contends that Defendants should be precluded from presenting the expert testimony of Dr. Vonda Johnson, M.D., Dr. John Decker, M.D., Dr. Stanley Bukowski, M.D., and Mindy Schmelzer, AuD, CCC-A, on the grounds that Defendants have not proffered these witnesses as experts or provided a timely Rule 26(a)(2) disclosure. *See* Dkt. No. 128 at 10-11 (citing Fed. R. Evid. 702, 703, and 705). Defendants argue that "if the defendants had been seeking to have the medical witnesses on the defendants' witness list be designated as expert witnesses – which they are not – there would be no reason to preclude them" because their disclosure under Rule 26(a)(2) was not triggered until the Court's April 23, 2014, pre-trial order. In any event, Defendants state that these witnesses are medical professionals who have treated Plaintiff and who are not being offered as expert witnesses, contrary to Plaintiff's assertions. *See* Dkt. No. 129 at 4-9. Defendants note that Plaintiff has designated as potential trial exhibits a number of medical records prepared by these same witnesses. *Id.* at 6 & n.3.

The law in the Second Circuit is clear that treating physicians and other medical professionals can testify as to their opinions without being disclosed as expert witnesses:

> Courts in this Circuit have regularly held that treating physicians
> may testify as to opinions formed during their treatment, including
> causation, severity, disability, permanency and future impairments,
> without the obligation to submit an expert report. *See, e.g.*,

4

> Zanowic v. Ashcroft, No. 97 Civ. 5292, 2002 WL 373229, at *2
> (S.D.N.Y. Mar.8, 2002) ("There can be no serious dispute that, as a
> treating physician, Dr. Giovinazzo was free to testify to opinions he
> formed in the course of treating [plaintiff], without regard to the
> disclosure requirements of Rule 26(a)(2)."); *see also Smolowitz v.
> Sherwin–Williams Co.*, No. 02 Civ. 5940, 2008 WL 4862981, at *4
> (E.D.N.Y. Nov.10, 2008) (noting that some cases suggest "that
> treating physicians may render expert opinion testimony regarding
> causation even without submitting a detailed report"); NIC Holding
> Corp. v. Lukoil Pan Americas, LLC, No. 05 Civ. 9372, 2007 WL
> 1467424, at * 1 (S.D.N.Y. May 16, 2007) (observing that "treating
> physicians often are allowed to express their opinions as to the
> causes of an injury, based on their training and experience").

*Manganiello v. Agostini*, No. 07 Civ. 3644, 2008 WL 5159776, *12 (S.D.N.Y. Dec. 9, 2008).

That is not to say, however, that the physician's testimony is without parameters:

> "[T]he key to what a treating physician can testify to without being
> declared an expert is based on his personal knowledge from
> consultation, examination and treatment of the Plaintiff, 'not from
> information acquired from outside sources.'" *Id.* (emphasis added)
> (internal citation omitted). Thus, treating physicians "cannot be
> limited to solely factual testimony," *id.*, and they "may testify as to
> opinions formed during their treatment, including causation,
> severity, disability, permanency and future impairments." *Williams
> v. Regus Mgmt. Group*, LLC, 2012 WL 1711378, at *3 (S.D.N.Y.
> May 11, 2012) (emphasis in original) (internal citation omitted).
> Therefore, treating physicians are "permitted to offer opinion
> testimony on diagnosis, treatment, prognosis and causation, but
> solely as to the information he/she has acquired through observation
> of the Plaintiff in his/her role as a treating physician limited to the
> facts in Plaintiff's course of treatment." *Spencer*, 2011 WL
> 4383046, at *4 (emphasis in original).

*Barack v. American Honda Motor Co., Inc.*, 293 F.R.D. 106, 109 (D. Conn. 2013).

Based on the foregoing, the Court denies Plaintiff's motion to preclude the entirety of the testimony of these witnesses. However, Plaintiff may renew his application to limit the scope of these witnesses' testimony in accordance with the foregoing standards.

**E. Defendants' "self-authenticating" documents**

5

Defendants assert that certain policy publications from various executive agencies of the United States government are "self-authenticating" and therefore admissible pursuant to Federal Rules of Evidence 803(8), 901(7), and 902(5). *See* Dkt. No. 118 at 24-26. Since Defendants have not presented these documents to the Court for review, the Court is unable to determine at this time whether they are relevant to any claims or defenses in this action, and thus, admissible evidence. Accordingly, the Court reserves ruling on this aspect of Defendants' motion *in limine*.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 128) and Defendants' motion *in limine* (Dkt. No. 118) as to the admissibility of Plaintiff's criminal convictions are reserved upon, as set forth herein; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 128) as to his request to wear civilian clothes is **GRANTED,** and **RESERVES** decision as to his request to be unrestrained during trial; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 128) as to Defendants' medical testimony is **DENIED** without prejudice to renew; and the Court further

**RESERVES** decision on Defendants' motion *in limine* (Dkt. No. 118) as to the admissibility of certain "self-authenticating" documents; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge